UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20054-CR-MOORE/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

VALDEMAR RIVERA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable K. Michael Moore referred this matter to me to conduct a change of plea hearing for Defendant Valdemar Rivera. [DE 25]. I held that hearing on March 1, 2016, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told the Defendant of his right to have these proceedings conducted by Judge Moore, the presiding District Court Judge. I also advised the Defendant that Judge Moore would sentence the Defendant, and make all findings and rulings concerning the Defendant's sentence.

2.    The Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. The Defendant, the Defendant's attorney and the

1

Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.    I conducted the plea colloquy with the Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.    The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court.   I reviewed that plea agreement on the record and the Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms.   Pursuant to that agreement, the Defendant pled guilty to Count 2 of the Indictment that charges him with conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.   [DE 16].

5.    The parties also agreed to a written factual proffer, which sets forth a factual basis supporting a finding that the Defendant is guilty of the crimes charged. The Defendant said that he read that factual proffer, agreed to its accuracy and confirmed that he signed it; it was thereafter filed with the Court.   Government counsel identified the essential elements of the crimes to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable.   The Defendant also explained how he committed the crimes charged in the Indictment.   I found that a factual basis exists for the Defendant's plea of guilty.   The Defendant was also advised of the statutory maximum penalties.   The Defendant acknowledged that he

2

understood these possible penalties including the statutory maximum of 20 years imprisonment.

6.      Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that the Defendant was competent and capable of entering an informed plea, and that his guilty plea is knowing and voluntary and has factual support.   I recommend that the Court adopt these findings, and adjudicate the Defendant guilty of Count 2 in the Indictment.

7.      The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that his **sentencing has been scheduled for May 12, 2016 at 2:00 p.m., before the Honorable K. Michael Moore, at the Willkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Courtroom 13-1, and Miami, Florida**.

Accordingly, I **RECOMMEND** that the Court accept the Defendant's plea of guilty, adjudicate the Defendant guilty of Count 2 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore.   Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Court Judge and the Court of Appeals (even under a plain error standard).   *See* Fed. R. Crim. P.

59(b)(1), (2); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED** this 1st day of March, 2016, at Miami, Florida.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable K. Michael Moore
        Counsel of record

4